# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| **Michael Cowart,** | Civil Case No. 2:15-cv-4251-RBH-MGB |
| **Plaintiff,** | |
| v. | |
| | **REPORT AND RECOMMENDATION** |
| **Cpl. William LaCasse, et al.,** | |
| **Defendants.** | |

Plaintiff Michael Cowart is a detainee (#089077) at the Greenville County Detention Center ("GCDC") in South Carolina. He has filed this civil action *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. §636(b)(1), and Local Rule 73.02(B)(2) (D.S.C.), the Magistrate Judge is authorized to review the complaint and to submit findings and recommendations to the District Judge. After careful review, the Magistrate Judge recommends that the Complaint be **dismissed**, with prejudice and without issuance and service of process, for the following reasons:

I.   Procedural History

Plaintiff has filed at least four civil actions in this federal court since being incarcerated at GCDC in January 2015. See Case No. 2:15-cv-01617-RBH-MGB (complaining that: 1) an orthopedic surgeon did not recommend an extra mattress for him in January and February 2015; and 2) he was charged $10 for a medical visit on January 26, 2015, but should have been charged only $5.00); Case No. 2:15-cv-3580-RBH-MGB (same claims); Case No. 2:15-cv-4251-RBH-MGB (complaining that although the prison provided him with a kosher diet upon his request, he suspected the meals were not "really" kosher); and Case No. 2:15-cv-4252-RBH-MGB (complaining that his "kabbalah string" was confiscated by security).

II. Background

In the present action, Plaintiff names three Defendants: (1) Cpl. William LaCasse; 2) Sgt. Arif Chaudhary; and 3) Lt. Walt Kramer. (DE# 1). In his own words, Plaintiff indicates he is attempting to litigate issues of "miss labeling my food, food is inconsistent with my religious scruples" (DE# 1, ¶IIB, original spelling). He indicates that:

> I put in for kosher meals and the food Im being served is not kosher but they are labled kosher (see exhibit A) (lable) I ask why and I was told by Cpl. Lacasse and Sgt. Chaudhaly (quote) "We developed facility policy and procedures when it comes to Common Fair meals serving only kosher food."] The food I get is not kosher.

(*Id.*, ¶IV "Statement of Claim," original spelling). He alleges no facts regarding Lt. Walt Kramer. Plaintiff indicates he filed a grievance, and that he was informed that, in compliance with his request, he was in fact receiving a kosher diet. (*Id.* at ¶IIG). Despite referring to an "Exhibit A," plaintiff failed to attach any such exhibit to his Complaint. Plaintiff seeks the following relief:

> "$250.00 dollars A day each for damages, "$250.00 dollars A day each for pain and suffering, and $250.00 dollars each A day punitive damages, And start serving real kosher food.

(*Id.*, original spelling).

III. Relevant Law

  A. Standard of Review

Under established local procedure in this judicial district, the Magistrate Judge has carefully reviewed this pro se prisoner complaint pursuant to 28 U.S.C. § 1915 and in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The Prison Litigation Reform Act ("PLRA") permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. 28 U.S.C. § 1915(a)(1). To protect against possible abuses of this privilege, the statute allows the court to dismiss the case upon finding that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte "at any time." *Neitzke*, 490 U.S. at 319. The PLRA also provides for the screening of complaints "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

Pro se pleadings are given liberal construction and are held to a less stringent standard than formal pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir.2003). However, "[t]he 'special judicial solicitude' with which a district court should view ... pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed." *Weller v. Dept. of Soc. Servs. for City of Baltimore,* 901 F.2d 387, 391 (4th Cir.1990). Giving "liberal construction" does not mean that the Court can ignore a prisoner's clear failure to allege facts that set forth a cognizable claim. *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir.2012). "Principles requiring generous construction of pro se complaints ... [do] not require ... courts to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985), *cert. denied*, 475 U.S. 1088 (1986).

B.  The PLRA's 3-strike provision

The PLRA, at 28 U.S.C. § 1915(g) provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*See McLean v. United States*, 566 F.3d 391 (4th Cir.2009). "[I]f a prisoner has already had three cases dismissed as frivolous, malicious, or for failure to state a claim for which relief may be granted, the prisoner generally may not proceed IFP but rather must pay up-front all filing fees for his subsequent suits." *Blakely v. Wards*, 738 F.3d 607, 609 (4th Cir.2013), as amended (Oct. 22, 2013). This means that, after receiving three strikes, plaintiff will have to pay the full filing fee for almost any future non-habeas civil action he might wish to file. *Id*. at 610. Plaintiff is warned that if he continues to file pleadings that are frivolous, malicious, or fail to state a claim for which relief may be granted, he risks the accumulation of three strikes against him and the resulting denial of future requests for IFP status, absent exceptional circumstances.

IV. Discussion

A.  The Complaint Fails to State a Claim for Relief and is Frivolous

In his Complaint, Plaintiff does not allege sufficient facts to state a plausible claim for violation of any statutory or constitutional right, and in fact, he does not even identify any such right. The Fourth Circuit Court of Appeals has repeatedly emphasized that a district court does not act as an inmate's advocate and should not *sua sponte* develop claims not clearly raised in a complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir.1997) (Luttig, J., concurring); *Gordon*, 574 F.2d at 1151. While a complaint does not need to expressly invoke § 1983 as the

legal theory for a plaintiff's claim, the United States Supreme Court has repeatedly emphasized that a complaint "must plead facts sufficient to show that [a] claim has substantive plausibility." *Johnson v. City of Shelby*, 135 S.Ct. 346 (2015) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). The present Complaint fails to meet this minimal pleading standard.

To state a claim under 42 U.S.C. § 1983, a Complaint must allege facts indicating: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Although plaintiff does not identify any constitutional or statutory right, his allegations regarding a kosher diet presumably implicate the Free Exercise Clause of the First Amendment. The First Amendment provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof...." U.S. Const. amend. I. The Free Exercise Clause has been interpreted as providing a prisoner with "a clearly established … right to a diet consistent with his… religious scruples." *Lovelace v. Lee*. 472 F.3d 174, 198-99 (4th Cir.2006); *Wall v. Wade*, 741 F.3d 492, 502 (4th Cir.2014) ("inmates are entitled to religious dietary accommodations absent a legitimate reason to the contrary"). Additionally, the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") prohibits the government from imposing "a substantial burden" on an inmate's ability to exercise his religion, unless the government can demonstrate an appropriate reason for that burden. 42 U.S.C. § 2000cc−1(a); *Turner v. Safley*, 482 U.S. 78, 89 (1987) (setting forth four factor test).

Even liberally construing this pro se civil action as a 42 U.S.C. § 1983 lawsuit alleging violation of plaintiff's rights under the First Amendment and RLUIPA, 42 U.S.C. §§ 2000cc et seq., the Complaint is both frivolous and fails to state a claim for relief. Plaintiff acknowledges in his Complaint that he was advised (in response to his grievance) that he is <u>already being</u>

provided with the requested kosher diet. Plaintiff appears to acknowledge that his packaged food bears labels indicating it is "kosher," but he indicates he does not believe the label and wants "real kosher food." Plaintiff's allegations are conclusory and based on nothing more than speculation. Plaintiff has not alleged any burden on his ability to exercise his religion, much less a "substantial" one. According to Plaintiff's Complaint, the prison has already accommodated his request for diet restrictions.

Plaintiff's complaint indicates that GCDC is providing plaintiff with the "Common Fare" diet. Specifically, Plaintiff indicates that the GCDC responded to his grievance and specifically advised him that the "Common Fare" diet was kosher. Although plaintiff suspects that it is not "really" kosher, numerous courts within this federal district have addressed this issue and held that such diet adequately accommodates a prisoner's request for a kosher diet. The Common Fare menu was "designed to meet the dietary needs of inmates whose religious beliefs require a kosher, non-pork diet and cannot be met by eating from the regular serving line." *Acoolla v. Angelone*, 2006 WL 938731, *4 (W.D.Va.); *see also DePaola v. Va. Dept. of Corr.*, 2014 WL 3956108, *4 (W.D.Va.) (Common Fare menu "furthers legitimate and neutral … interests in cost-efficient, uniform procedures by which to accommodate inmates' religious dietary beliefs properly at numerous facilities"); *Shabazz v. Johnson*, 2015 WL 4068590 (E.D.Va.) (Common Fare menu "represents the least restrictive means available for handling religious dietary issues"); *Muhammad v. Mathena*, 2015 WL 300363, *3 n.4 (W.D.Va.) (same), *aff'd by* 610 Fed.Appx. 264 (4th Cir. (Va.) July 24, 2015); *Wall*, 741 F.3d at 503 n.12 ("members of a number of different faiths receive the Common Fare diet"). These cases indicate that the Common Fare diet includes prepackaged kosher vegetables, meat, and bread.[1] Although Plaintiff is apparently

---

[1] The Aleph Institute reports that "Jews, according to one estimate, make up just one-sixth — or about 4,000 — of the 24,000 inmates who eat kosher food in American prisons." It indicates that "kosher food is a hot commodity in

dissatisfied with the Common Fare diet, his allegation that he wants "real kosher food" lacks an arguable basis either in law or in fact, and is frivolous. *Dentonz*, 504 U.S. at 31. Moreover, the United States Supreme Court has made it clear that a plaintiff must do more than make conclusory statements to state a plausible claim. *Iqbal*, 556 U.S. at 677–79; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). With respect to prisoner suits, the United States Supreme Court has explained that:

> Section 1915(d) is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits … To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

*Neitzke*, 490 U.S. at 326.

### B. No monetary damages under RLUIPA

Review of the Complaint reflects several additional reasons for dismissal. Although plaintiff seeks monetary damages, Congress did not authorize damages against state officials (in either official or individual capacity) under RLUIPA. *Sossamon v. Texas*, 131 S.Ct. 1651, 1658–59 (2011); *Madison v. Virginia*, 474 F.3d 118 (4th Cir.2006); *Rendelman v. Rouse*, 569 F.3d 182, 189 (4th Cir.2009); *Wall,* 741 F.3d at 503 n.5. For example, in *Rouse*, the inmate sued state prison officials seeking money damages and injunctive relief under RLUIPA and § 1983 based on the officials' refusal to provide a kosher diet. The Fourth Circuit Court of Appeals pointed out that money damages were not available and that "[b]ecause RLUIPA does not authorize claims for official or individual capacity damages, we have no need to evaluate the district court's

---

prisons for a number of reasons…. Inmates frequently trade kosher food for prison-issued paper money, which can be used to buy items in the facility's canteen." See http://forward.com/news/155363/not-just-jews-eat-kosher-food-in-prison. In any event, given that plaintiff indicates GCDC is already providing him with Common Fare meals, the Court need not consider whether plaintiff is seeking a kosher diet based on "sincerely held religious beliefs." *See Holt v. Hobbs*, 135 S.Ct. 853, 861 (2015) ("A prisoner's request for a religious accommodation under RLUIPA must be sincerely based on a religious belief and not some other motivation.").

determination that RLUIPA did not require defendants to accommodate Rendelman's kosher dietary restrictions." *Id.*; *see also Baranowski*, 486 F.3d at 122 (upholding refusal to provide kosher meals to Jewish inmates under First Amendment and RLUIPA). In the present case, the only potential remedy under RLUIPA would be equitable, but according to Plaintiff, the GCDC has already advised him that he is in fact receiving a kosher diet. Hence, his request for injunctive relief ("And start serving real kosher food") is moot. (DE# 1 at 4, ¶ V).

### C. No personal involvement by Defendants alleged

Review of the Complaint also reflects that Plaintiff had sued three defendant prison officials, but does not allege any personal participation by any of these defendants. In fact, Plaintiff alleges no facts at all regarding Lt. Walt Kramer. Plaintiff does not even mention him in the Complaint, other than to list him in the caption. A defendant must have acted personally in the deprivation of the plaintiff's rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir.1977) ("Having failed to allege any personal connection between Gibbs and any denial of Vinnedge's constitutional rights, the action against him must fail."). With respect to Cpl. Lacasse and Sgt. Chaudhaly, plaintiff merely alleges that in response to his grievance, they told him: "We developed facility policy and procedures when it comes to Common Fair (sic) meals serving only kosher food." An official's denial of a grievance "after-the-fact" falls quite short of alleging any basis for a § 1983 claim against that official. *DePaola v. Ray*, 2013 WL 4451236, *8, 30, n.7 (W.D.Va.), *adopted by* 2013 WL 4453422 (W.D.Va., Aug. 16, 2013). *See also Brooks v. Beard*, 167 F. App'x 923, 925 (3rd Cir.2006) (prison officials' response to inmate's later-filed grievance does not establish the involvement of those officials in the alleged underlying deprivation; dismissing case as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)). Moreover, it is well settled

that *respondeat superior* is not applicable in § 1983 actions. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

V.   Recommendation

Accordingly, the Magistrate Judge recommends that the complaint (DE#1) be **summarily dismissed** with prejudice; the Complaint is both frivolous and fails to state a claim for relief, and therefore, dismissal of this Complaint counts as a "strike" for purposes of 28 U.S.C. § 1915(g).

**IT IS SO RECOMMENDED**.

October 26, 2015
Charleston, South Carolina

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

Petitioner's attention is directed to the *important notice* on the following page.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).