UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Michael Cowart, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>Cpl. William LaCasse, Sgt. Arif Chaudhary, )<br>and Lt. Walt Kramer, )<br>)<br>    Defendants. )<br>_____)  | Civil Action No.: 2:15-cv-04251-RBH<br><br><br><br><br><br>**ORDER** |

Plaintiff Michael Cowart, a pretrial detainee housed at the Greenville County Detention Center and proceeding pro se, brought this action pursuant to 42 U.S.C. § 1983 against the above named Defendants. *See* ECF No. 1. The matter is before the Court for review of the Report and Recommendation (R & R) of United States Magistrate Judge Mary Gordon Baker.[1] *See* R & R, ECF No. 8. The Magistrate Judge recommends that the Court (1) dismiss Plaintiff's complaint with prejudice and without issuance of service of process; and (2) deem such dismissal a strike for purposes of 28 U.S.C. § 1915(g).[2] R & R at 1, 9.

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina, this matter was referred to the Magistrate Judge for pretrial handling. The Magistrate Judge reviewed Plaintiff's complaint pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court is mindful of its duty to liberally construe the pleadings of pro se litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *But see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints are not, however, without limits. *Gordon* directs district courts to construe pro se complaints liberally. It does not require those courts to conjure up questions never squarely presented to them.").

[2] Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo determination of those portions of the R & R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

No parties have filed objections to the R & R. In the absence of objections to the R & R, the Court is not required to give any explanation for adopting the Magistrate Judge's recommendations. *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983). The Court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'" (quoting Fed. R. Civ. P. 72 advisory committee's note)).

After a thorough review of the record in this case, the Court finds no clear error. Accordingly, the Court adopts and incorporates by reference the R & R [ECF No. 8] of the Magistrate Judge. It is therefore **ORDERED** that Plaintiff's complaint is **DISMISSED WITH PREJUDICE** and without issuance of service of process. It is further **ORDERED** that dismissal of this action counts as a "strike" for purposes of 28 U.S.C. § 1915(g).[3]

**IT IS SO ORDERED.**

---

[3] This dismissal constitutes Plaintiff's second "strike" in this Court. *See Cowart v. Greenville Cty.*, Civil Action No. 2:15-cv-03580-RBH (D.S.C.), at ECF No. 11 (order issuing Plaintiff's first strike).

Florence, South Carolina  s/ R. Bryan Harwell
November 24, 2015  R. Bryan Harwell
United States District Judge

3